# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS QUINN, Individually and on behalf of his minor child, K.Q., and KELLY SCHLANGEN, on behalf of her minor child, W.Q., <br><br> Plaintiffs, <br><br> vs. <br><br> FRANZEN FAMILY TRACTORS AND PARTS, LLC, <br><br> Defendant. | No. 16-CV-1031-CJW <br><br> **SECOND ORDER ON MOTIONS IN LIMINE** |

## I.  INTRODUCTION

This matter is before the Court on Defendant's Second Motion in Limine (Doc. 32) and Plaintiffs' First Motion in Limine. (Doc. 35). Each party filed responses to the other party's motion. (Docs. 38 and 39). The Court discussed the issues raised in the motions with the parties during the Final Pretrial Conference on Tuesday, March 13, 2018.

For the reasons that follow, and based in part upon positions taken by the parties in their responses and during the Final Pretrial Conference, the Court **grants in part, denies in part, and holds in abeyance in part the parties' motions in limine.**

## II. DEFENDANT'S SECOND MOTION IN LIMINE

In its Second Motion in Limine, defendant seeks an order in limine on three separate issues. The Court will address each in turn.

### A. *Dr. Patrick Hartley*

Defendant seeks an order in limine barring plaintiffs from introducing evidence from plaintiffs' non-treating medical expert, Dr. Patrick Hartley, on matters defendant asserts were not part of Dr. Hartley's report and were not disclosed pursuant to FED. R. CIV. P. 26. (Doc. 32, at 2-4). Plaintiffs disagree, but nevertheless indicated in their response that they have redacted portions of Dr. Hartley's videotaped deposition and that this portion of defendant's motion is therefore moot. (Doc. 39, at 1-2). During the Final Pretrial Conference, defense counsel concurred that the parties have worked this issue out. Therefore, the Court **denies as moot** this portion of defendant's Second Motion in Limine.

### B. *Testimony of Skogen Engineering Group Witnesses*

Defendant moves for an order in limine barring testimony by either Dennis Skogen or Zach Bingen, both employees of Skogen Engineering Group. (Doc. 32, at 4). Defendant anticipates that these witnesses will present cumulative testimony regarding liability issues. (*Id.*). Plaintiffs resist, asserting that there may be some "slight overlap in their testimony," but that "Mr. Bingen's testimony will primarily focus on measurements and observations he made during the inspections, and Mr. Skogen's testimony will primarily, although not exclusively, address the opinions formed based on those measurements and observations." (Doc. 39, at 2).

The Court **holds in abeyance** its ruling on this portion of defendant's motion in limine. Based on plaintiffs' representation, it does not appear that they will present testimony that is so cumulative as to violate Rule 403 of the Federal Rules of Evidence, but the Court is unable to determine that in advance of trial. Therefore, defendant may

object during trial if defendant believes the testimony is cumulative and the Court will rule on the objection at that time.

### C. *Charts, Calculations, and Reports of Economist Kent Jayne*

Defendant moves for an order in limine barring admission of "any calculations, charts, or reports from Plaintiffs' economist Kent Jayne," contained in Exhibits 29-35, on the ground that it would be cumulative of his testimony. (Doc. 32, at 4). Plaintiffs resist, arguing that the calculations and reports will be used to assist the jury in understanding Mr. Jayne's testimony. (Doc. 39, at 3). During the Final Pretrial Conference, defense counsel elaborated on this matter, asserting that defendant also objects to these charts and diagrams on the ground that the calculations and opinions reflected particularly in Exhibits 32 – 35 contain speculation and are without evidentiary foundation. For example, defendant argues that the exhibits include such things as estimates of loss income if plaintiff Travis Quinn were never able to work again, and defendant argues there will be no evidence that his injury would cause him to be unemployed.

The Court **denies** defendant's motion on the cumulative evidence argument advanced by defendant in its motion, but reserves ruling on the additional speculation-type grounds defendant articulated during the Final Pretrial Conference. Defendant may object, when appropriate, to any testimony or exhibits from Mr. Jayne that defendant believes constitutes speculation or is without adequate foundation and the Court will rule on any such objection at that time. Plaintiffs agreed during the Final Pretrial Conference not to reference these exhibits during opening statement.

### III. PLAINTIFFS' FIRST MOTION IN LIMINE

In their First Motion in Limine, plaintiffs seek an order in limine on four separate issues. The Court will address each in turn.

#### A. Exhibit D

Plaintiffs seek to bar admission of Exhibit D, which includes plaintiff Travis Quinn's medical bills, on the ground that it contains his medical subrogation lien. (Doc. 35, at 1). Defendant resists, asserting that the evidence is admissible. (Doc. 38, at 1-2). During the Final Pretrial Conference, the parties indicated that they had further discussion about this matter and believed they could work out their differences regarding Exhibit D. On March 15, 2018, the parties sent an email to the Court advising the Court that they have resolved this issue and defendant is withdrawing Exhibit D. Accordingly, the Court will **deny as moot** this portion of plaintiffs' motion.

#### B. Exhibit E

Plaintiffs seek to bar admission of portions of Exhibit E, which is a copy of plaintiff Travis Quinn's personnel file. (Doc. 35, at 2-3). Plaintiffs argue that in this exhibit of more than 400 pages are references to criminal charges for misdemeanor offenses that did not result in convictions, minor driving log violations, and minor job-related accidents that are irrelevant and prejudicial, and that the file contains hearsay and hearsay within hearsay, citing Federal Rules of Evidence 401-403, and 801-802. (*Id.*). During the Final Pretrial Conference, plaintiffs also suggested that references to driving accidents would also violate the Character Evidence Rule 404(a). Defendant responded that it is willing to redact some of the alleged offending entries, if plaintiffs will specifically identify them, but is generally concerned about inferences the jurors may reach from redactions. (Doc. 38, at 2-3).

The Court **grants** plaintiffs' motion to the extent Exhibit E contains any references to crimes for which plaintiff Travis Quinn was not convicted, and as to any alleged non-

driving related violations, such as driving log violations. Plaintiffs shall specifically identify those entries for defendant. As to any other objections to entries in Exhibit E, the Court reserves ruling.

### C. *Exhibits G and H*

Plaintiffs seek an order in limine barring admission of Exhibits G and H on the ground that the exhibits make reference to disability income payments. (Doc. 35, at 3-4). Defendant does not resist this portion of plaintiffs' motion and has agreed to redact the relevant portions of the exhibit. (Doc. 38, at 3). Therefore, the Court **grants** plaintiffs' motion in limine regarding Exhibits G and H.

### D. *Exhibit I*

Plaintiffs seek an order in limine barring admission of Exhibit I, an April 2017 earnings statement for plaintiff Travis Quinn, because it contains a reference to a child support garnishment and Mr. Quinn's insurance. (Doc. 35, at 4). Plaintiffs argue the evidence is inadmissible because it is irrelevant and prejudicial, citing Federal Rules of Evidence 401-403. (*Id.*). Defendant resists, arguing plaintiff's child support garnishment is relevant to plaintiff Travis Quinn's overall earnings. (Doc. 38, at 3). Defendant did not specifically address plaintiffs' concern about references to insurance.

Exhibit I does not specifically reference child support garnishment; rather, the only reference is to a garnishment. Nevertheless, the Court finds that jurors could reach an adverse inference regarding a garnishment as most lay people would associate a garnishment as reflecting some type of outstanding judgment and an unwillingness of the garnishee to voluntarily pay the debt. The Court finds that any probative value from the reference to a garnishment is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. On the other hand, line references reflecting that plaintiff Travis Quinn has health insurance is not unfairly prejudicial. Jurors would reasonably expect any employee to have health insurance.

During the Final Pretrial Conference, counsel for defendant explained that she marked this document as an exhibit because plaintiffs' economic expert referenced it during his deposition and defendant wanted to be prepared to cross examine the expert, if necessary, on this document. The Court finds that defendant may cross examine plaintiffs' expert regarding the contents of Exhibit I, without showing the contents to the jury or admitting Exhibit I into evidence. Alternatively, as the parties discussed during the Final Pretrial Conference, the parties may reach an agreement as to redacting Exhibit I in a manner that would permit its admission.

Therefore, the Court **grants, in part**, plaintiffs' motion in limine regarding Exhibit I.

## IV.    CONCLUSION

For the reasons stated and to the extent noted, the Court **grants in part, denies in part, and holds in abeyance** defendant's Second Motion in Limine (Doc. 32) and plaintiffs' First Motion in Limine. (Doc.35). The parties are to inform all witnesses as to the Court's ruling and instruct them not to volunteer, disclose, state, or mention any of the evidence or topics on which the Court has granted the motions in limine.

**IT IS SO ORDERED** this 16th day of March, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa