# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS QUINN, Individually and on behalf of his minor child, K.Q., and KELLY SCHLANGEN, on behalf of her minor child, W.Q.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRANZEN FAMILY TRACTORS AND PARTS, LLC,<br><br>    Defendant. | No. 16-CV-1031-CJW<br><br>**THIRD ORDER<br>ON MOTIONS IN LIMINE** |

_____

This matter is before the Court on Plaintiffs' Supplement to First Motion in Limine. (Doc. 47). Although defendant has not had a full opportunity to resist the motion as of the filing of this Order, the Court finds that the circumstances warrant issuing an order without further delay. *See* LR 7(e) ("[I]f circumstances . . . warrant, the court may elect to rule on a motion without waiting for a resistance or response."). For the following reasons, plaintiffs' motion is **granted** to the extent plaintiffs allege the evidence is inadmissible to prove plaintiff Travis Quinn acted in conformity with a certain character trait on the date of accident at issue. FED. R. EVID. 404(a)(1).

Plaintiffs identify six separate driving-related incidents that are described in Exhibit E, which plaintiffs now seek to exclude. In support, plaintiffs state:

> Defendant has argued that these incidents are admissible on the issue of [plaintiff's] negligent operation of a utility tractor in this case, suggesting that because [plaintiff] may have been careless in operating a vehicle before, he was careless on the occasion described in the Complaint. That inference is precisely the inference that is prohibited by Federal Rule of Evidence 404(a)(1).

Each of the items plaintiffs now seek to exclude addresses minor traffic-related damage that was caused while plaintiff was operating a vehicle.  Because defendant intends to advance a theory of comparative fault based on Travis Quinn's alleged negligence in operating the tractor involved in the accident at issue, defendant may not properly introduce character evidence to show that Travis Quinn negligently operated the tractor on the specific occasion at issue.  As such, the Court **grants** plaintiffs' motion based on Federal Rule of Evidence 404(a)(1).  Should defendant wish to introduce the subject incidents as non-character evidence, defendant must first seek leave of Court to do so.

Plaintiffs further state that the incidents at issue are inadmissible because they contain hearsay.  Although the incidents at issue may be inadmissible hearsay, the Court is not prepared to rule as such in the absence of defendant having had an opportunity to be heard on the issue and argue that any number of the incidents fall under one of the many exceptions to the hearsay rule.

**IT IS SO ORDERED** this 23rd day of March, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa